# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **STACEY L. GOMEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 18-cv-11200-DJC** |
| | ) | |
| | ) | |
| **STEPHEN SPAULDING, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

_____)

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                   **September 17, 2020**

### I.    Introduction

Petitioner Stacey L. Gomez ("Gomez"), a prisoner at FMC-Devens acting *pro se,* filed a habeas petition pursuant to 28 U.S.C § 2241 (the "Petition"), alleging that his sentence as a career offender is no longer valid in light of <u>Mathis v. United States</u>, __ U.S. __, 136 S. Ct. 2243 (2016), <u>Johnson v. United States</u>, 576 U.S. 591 (2015) ("<u>Johnson II</u>") and <u>Descamps v. United States</u>, 570 U.S. 254 (2013).  D. 1; D. 2 at 2, 6-9.  Respondent Stephen Spaulding, Warden of FMC-Devens ("Respondent") opposes the Petition, arguing that a § 2241 is not the proper vehicle for Gomez's claims and that the Court therefore lacks jurisdiction.  D. 21.  For the reasons set forth below, the Court DISMISSES the Petition.[1]

---

[1] The Court allows *nunc pro tunc* Gomez's motion for leave to supplement, D. 27, to the extent Gomez wanted the Court to consider that filing in its consideration of the resolution of the Petition, which the Court has done.

## II.     Factual Background

The following facts are based on those laid out by the court in the Western District of Missouri in Gomez's prior habeas petition in <u>Gomez v. United States</u>, No. 04-cv-00738 (W.D. Mo.).  On June 5, 2000, Gomez pled guilty to conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1).  ECF 16 at 1.[2]  At the November 22, 2000 sentencing, the court considered, among other things, an addendum to the presentence investigation report, which described several letters Gomez had written to his wife, instructing her to warn others about the government's drug trafficking investigation.  <u>Id.</u>  Although it had agreed in the plea agreement to recommend a three-level reduction for acceptance of responsibility, D. 21 at 2, the government at sentencing urged the court to impose an enhancement for obstruction of justice given Gomez's letters.  <u>Id.</u>  After considering the report and the parties' arguments, the court denied Gomez a reduction for acceptance of responsibility, imposed an enhancement for obstruction of justice and found Gomez to be a career offender.  <u>Id.</u>  Over Gomez's objections to one of his prior convictions for burglary, his 1989 Kansas burglary conviction, being a "crime of violence," the Court sentenced him as a career offender under U.S.S.G. § 4B1.1.  D. 23 at 9, 25. Accordingly, the GSR was 360 months to life and the court sentenced Gomez to 360 months imprisonment and 5 years supervised release.  D. 21 at 4; D. 23 at 29.

Gomez appealed the district court's decision.  The Eighth Circuit concluded, in relevant part, that the government had breached its plea agreement with Gomez by failing to recommend an acceptance of responsibility reduction as it had agreed in the plea agreement, but noting that the district court had "correctly found Gomez is a career offender, a fact that Gomez does not challenge on appeal."  <u>United States v. Gomez</u>, 271 F.3d 779, 781 (8th Cir. 2001).  The court

---

[2] Citations to "ECF" refer to docket entries for Case No. 04-cv-00738 in the Western District of Missouri.

vacated Gomez's sentence and remanded the case for further proceedings.  Id. at 82.  On remand, the district court rejected Gomez's motion to withdraw his guilty plea and resentenced him.  D. 21 at 5.  In his resentencing, the court rejected the recommendation of a reduction for acceptance of responsibility and imposed a sentence of 360 months, the same sentence that a different judge in the same court had originally imposed.  D. 2 at 3.  On subsequent appeal, the Eighth Circuit affirmed, holding that Gomez was not entitled to withdraw his guilty plea and that his guilty plea was not unknowing and involuntary.  United States v. Gomez, 326 F.3d 971, 974-75 (8th Cir. 2003).

On August 23, 2004, Gomez filed his first habeas petition, pursuant to 28 U.S.C. § 2255, in the Western District of Missouri claiming that one of his career offender predicates, the 1989 Kansas burglary conviction, did not qualify as a crime of violence under the career offender guidelines.  ECF 1.  On March 30, 2005, the court denied the petition.  ECF 16 at 4.  On May 6, 2016, Gomez filed a § 2255(h)(2) petition in the Eighth Circuit for authorization to file a second or successive § 2255 petition.  Motion for Leave to File a Successive Motion Under 28 U.S.C. § 2255(h)(2) at 2-3, Gomez v. United States, No. 16-2124 (1st Cir. 2017).  Gomez argued therein that neither of his prior burglary convictions qualified as career offender predicates under the residual clause given the ruling in Johnson II, which struck down the similarly worded residual clause in the statutory Armed Career Criminal Act ("ACCA") as unconstitutionally vague.  Id.  He also contended that the burglary convictions did not qualify as enumerated offenses under the career offender guideline because the statutes of conviction encompassed offenses outside the generic definition of burglary under Descamps.  Gomez later added another challenge, also arguing that the burglary statutes under which he had been convicted did not meet the generic definition of

burglary under <u>Mathis</u>.  D. 21 at 9.  The Eighth Circuit denied the petition on June 21, 2017.

Judgment, <u>Gomez v. United States</u>, No. 16-2124 (1st Cir. 2017).

### III.    Procedural History

Gomez, presently confined at FMC-Devens in this district, has now filed the Petition with

the Court under 28 U.S.C. § 2241.  D. 1.  Respondent opposes the motion arguing that this Court

lacks subject jurisdiction over the Petition and, therefore, the Petition should be dismissed.  D. 21

at 15.

### IV.    Discussion

#### A.  <u>Use of § 2241 Petition</u>

Gomez filed the Petition under 28 U.S.C. § 2241 in this Court, claiming that his prior

burglary convictions no longer qualify him as a career offender in light of <u>Johnson II</u>, <u>Descamps</u>,

and <u>Mathis</u>.  D. 2 at 5-6.  Gomez seeks resentencing without the career offender enhancement.  D.

2 at 20-21.  A prisoner may file a § 2241 habeas petition in the district in which he is serving his

sentence when he is challenging "the *execution* of [his] sentence, including such matters as the

administration of parole, computation of a prisoner's sentence by prison officials, prison

disciplinary actions, prison transfers, type of detention and prison conditions."  <u>Thornton v. Sabol</u>,

620 F. Supp. 2d 203, 206 (D. Mass. 2009) (emphasis in original) (quoting <u>Jiminian v. Nash</u>, 245

F.3d 144, 145 (2d Cir. 2001));  <u>Calvache v. Benov</u>, 183 F. Supp. 2d 124, 126 (D. Mass. 2001)

(explaining that "prisoners are permitted to use section 2241 to challenge the execution of their

sentences, not the validity of their sentences").

Here, Gomez does not challenge the execution of his sentence, but rather its validity.

Section 2255 "encompasses claims [in which] 'the sentence was imposed in violation of the

Constitution or laws of the United States, or that the court was without jurisdiction to impose such

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" Gonzalez v. United States, 150 F. Supp. 2d 236, 241 (D. Mass. 2001) (quoting Jiminian, 245 F.3d at 147-48); see 28 U.S.C. § 2255(a).  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner may file a second or successive § 2255 petition "only if the court of appeals first certifies that the petition is based on either:  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  United States v. Barrett, 178 F.3d 34, 40-41 (1st Cir. 1999) (quoting 28 U.S.C. § 2255).  Accordingly, a prisoner bringing a second or successive § 2255 habeas petition must obtain a certification from the appropriate Circuit authorizing a district court to consider the application.  Ellis v. United States, 446 F. Supp. 2d 1, 3 (D. Mass. 2006).

Here, Gomez is not proceeding under § 2255, but instead has brought this Petition under § 2241.  D. 2 at 6.  Perhaps in recognition of the bounds of § 2241, Gomez invokes the "savings clause" in § 2255.  Under the savings clause, a prisoner may "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  Thornton, 620 F. Supp. 2d at 206 (quoting Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000)).  It is well settled that a petitioner who has exhausted his § 2255 remedy "cannot avail himself of the savings clause to circumvent the restrictions of § 2255 by filing a motion under § 2241 instead."  Cunningham v. Grondolsky, 308 F. Supp. 3d 562, 564 (D. Mass. 2018); see Barrett, 178 F.3d at 38 (noting that a federal prisoner

"cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C. § 1651").

Recourse under the savings clause is permitted in "rare and exceptional circumstances" and requires Gomez prove that the remedy afforded under § 2255 is inadequate or ineffective.  Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008); Calvache, 183 F. Supp. 2d at 126.  Relief under § 2255 can only be deemed inadequate or ineffective when "in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'"  Trenkler, 536 F.3d at 99.  The savings clause "cannot be used 'merely because § 2255 relief has already been denied . . . or because petitioner has been denied permission to file a second or successive § 2255 motion . . . or because a second or successive § 2255 motion has been dismissed.'"  Burgess v. Grondolsky, No. 11-cv-12293-NMG, 2012 WL 139322, at *10 n.11 (D. Mass. Jan. 13, 2012).

Relief under § 2255 is  inadequate only when the petitioner can (1) "prove his actual innocence on the existing record" and that he "could not have effectively raised his claim of innocence at an earlier time," Barrett, 178 F.3d at 52 (internal quotation marks omitted); or (2) prove that a "complete miscarriage of justice" would result if the petition is denied.  Calvache, 183 F. Supp. 2d at 127.  A "miscarriage of justice" encompasses only "those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of a crime.'" Trenkler, 536 at 99 (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)).  "In other words, '[t]he remedy in section 2255 does not become 'inadequate or ineffective' simply by virtue of the fact that the prisoner is not able to meet the gate-keeping requirements for second or successive petitions.'"  Dillon v. Grondolsky, No. 12-40082-TSH, 2012 WL 3139001, at *5 (D. Mass. July

31, 2012) (quoting <u>Hernandez-Albino v. Haynes</u>, 368 Fed. Appx. 156, 2010 WL 850191, at *1 (1st Cir. Mar. 12, 2010).

### B.   <u>The Savings Clause Does Not Save Gomez's Claim</u>

Gomez's central argument is that intervening case law has rendered his criminal sentence unconstitutional.  D. 2 at 11.  Gomez relies heavily on <u>Johnson II</u>, in which the Supreme Court invalidated the residual clause of the ACCA as void for vagueness.  D. 2; <u>Johnson II</u>, 576 U.S. at 597.  Gomez argues that under <u>Johnson II</u>, "his previous state conviction for Commercial Burglary should not…be considered a 'violent felony' for the purposes of enhancement," as the clause used in determining Gomez's sentence is similarly worded to the residual clause stricken in <u>Johnson</u>. D. 2 at 11.  Respondent  points to <u>Beckles v. United States</u>, in which the Supreme Court held that the advisory sentencing guidelines "are not subject to a vagueness challenge under the Due Process Clause."  <u>Beckles v. United States</u>, 137 S. Ct. 886, 890 (2017) (distinguishing <u>Johnson II</u> on the grounds that <u>Johnson II</u> dealt with a binding residual clause rather than an advisory one). Respondent argues that under <u>Beckles</u>, the residual clause used to sentence Gomez is valid as to those convictions stemming from advisory sentencing guidelines.  D. 21 at 12-13.  Gomez counters that because his sentence was imposed before the Supreme Court determined the federal Sentencing Guidelines were advisory in <u>United States v. Booker</u>, 543 U.S. 220, 245 (2005), the vagueness standard for mandatory Guidelines should apply.

As acknowledged by Respondent, motions for leave to file second or successive § 2255s have been granted in the First Circuit to petitioners sentenced pre-<u>Booker</u>, for challenges to the career offender designation.  <u>See, e.g., Moore v. United States</u>, 871 F.3d 72 (1st Cir. 2017) (granting petitioner leave to file a successive motion to vacate his sentence under § 2255 given possible merit to claim that career offender residual clause applied pre-<u>Booker</u> was

unconstitutionally vague); <u>Brichetto v. United States</u>, No. 2:03-CR-00024-GZS, 2018 WL 4305750, at *1 (D. Me. Sept. 10, 2018) (reflecting First Circuit's grant of leave to file a second or successive  2255 "to pursue in the district court a challenge to [petitioner's] 'career offender' designation based on" <u>Johnson II</u>).

Gomez's case, however, is not in the same posture.  The Eighth Circuit has already considered and dismissed Gomez's motion for leave to file a second or successive § 2255 motion as to the same issue. Judgment, <u>Gomez v. United States</u>, No. 16-2124 (1st Cir. 2017).  To permit the use of § 2241 "merely because a petitioner cannot meet the AEDPA 'second or successive' requirements . . . would make Congress's AEDPA amendment of § 2255 a meaningless gesture." <u>Barrett</u>, 178 F.3d at 50.  Gomez argues the Court should consider Gomez's § 2241 petition regardless, because "to deny [him] an opportunity to be heard on this matter, and require him to continue serving an enhanced and extended sentence as a Career Offender…can only be characterized as a miscarriage of justice." D. 2 at 6.  However, proving that a complete miscarriage of justice would occur if the Petition is denied presents a high bar that Gomez fails to meet.  As well settled, "miscarriage of justice," encompasses only those "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991).  Gomez makes no such claim.  <u>Trenkler</u>, 536 F.3d at 99 (noting that "[m]ost courts have required a credible allegation of actual innocence to access the savings clause"); <u>see</u> <u>Cromwell v. Spaulding</u>, No. 19-CV-10131, 2019 WL 6130537 at *4 (D. Mass. Aug. 30, 2019) (noting that "a petitioner's invocation of the savings clause to allege constitutional error must demonstrate more than mere legal inadequacy" to establish a "complete miscarriage of justice"); <u>Cunningham</u>, 308 F. Supp. 3d at 564 (holding prisoner's argument that he "is not properly considered a career offender under the guidelines" failed "to set forth

exceptional circumstances" or prove "that there would be a complete miscarriage of justice should the § 2441 petition not be granted").  Although the Court recognizes citations to favorable cases in this Circuit as to his claims, D. 27 at 3-4 and cases cited, none of these cases involved a § 2241 petition in which the petitioner had to satisfy requirements under the savings clause for this Court to have jurisdiction, which Gomez fails to do here.

Gomez also argues that he meets the bar for "actual innocence," which would also allow the Court to consider the merits of his petition to avoid a "fundamental miscarriage of justice." United States v. Duval, 957 F. Supp. 2d 100, 113 (D. Mass. 2013).  "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"  House v. Bell, 547 U.S. 518, 536-37 (2006).  While there is a "split of authority" as to "whether the petitioner must be actually innocent of the crime for which he has been sentenced, or if being factually innocent of a predicate crime which forms the basis of an enhanced sentence is sufficient to warrant collateral relief," McKubbin v. Grondolsky, 7 F. Supp. 3d 125, 133 (D. Mass. 2014) , the Court need not address this split.  Based on the record here, Gomez does not meet either test.  Id.  Gomez's arguments that the enhancement on his sentence is unjust because he is actually innocent of the burglary charge "is one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview."  McKay v. United States, 657 F.3d 1190, 1198 (11th Cir. 2011).  Unlike in Goldman v. Winn, 565 F. Supp. 2d 200, 204, 224 (D. Mass. 2008), which Gomez cites to support his proposition, the petitioner therein "assert[ed] actual innocence…of a fact that added seventeen to twenty years to his federal sentence," having obtained "crucial new evidence of his actual innocence."  Id.  In the absence of evidence indicating Gomez's

factual innocence as to the predicate offenses or the crime of conviction in this case, the actual

innocence exception does not apply.  See Duval, 957 F. Supp. 2d at 114.

Accordingly, Gomez has not shown that he can fulfill the requirements necessary to invoke

§ 2255's savings clause.  Bultmeyer v. Grondolsky, No. 13-cv-40119-FDS, 2013 WL 5538450, at

*5 (D. Mass. Oct. 4, 2013); see Martinez v. Grondolsky, No. 17-11216-MBB, 2018 WL 340029,

at *2 (D. Mass. Jan. 9, 2018).  Accordingly, this Court has no  jurisdiction to entertain the Petition.

**V.     Conclusion**

For the foregoing reasons, the Court DISMISSES the Petition, D. 1.  Since a certificate of

appealability is not essential for a petition under § 2241, see Gonzalez v. Justices of Mun. Ct. of

Boston, 383 F.3d 1, 11 (1st Cir. 2004), the Court does not address this matter.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge